37 C.C.P.A.(Patents)
## IPPOLITO v. NANCY ANN DRESSED DOLLS.

### Patent Appeals No. 5724.

United States Court of Customs
and Patent Appeals.

April 3, 1950.

J. Calvin Brown, Los Angeles, Cal., and Lee L. Townshend, Washington, D. C., for appellant.

Hugh N. Orr, San Francisco, Cal., for appellee.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, and JOHNSON, Associate Judges.

JACKSON, Judge.

On February 18, 1946, appellant filed an application pursuant to the Trade-Mark Act of February 20, 1905, 33 Stat. 724, to register the trade-mark "Garden Lady" as applied to dolls and dolls' clothes. It was alleged that the mark had been continuously used since February 10, 1943.

The application was passed for publication and appeared in the Official Gazette of May 21, 1946.

On June 19th of that year appellee filed its notice of opposition to the sought registration, alleging that the trade-mark "Garden Lady" is confusingly similar to two registered marks of appellee, "Lady In Waiting" and "Annie At The Garden Gate," respectively, as applied to dolls. Appellant in its answer traversed the material allegations contained in the notice of opposition.

The goods of the parties possess the same descriptive properties and the only issue below and here is whether or not the mark of appellant is confusingly similar to the registered marks herein of appellee.

The Examiner of Interferences deemed it necessary to consider only the registration of "Annie At The Garden Gate."

The examiner agreed that there are certain differences between appellant's mark and the mark of appellee, "Annie At The Garden Gate," but was of opinion that the similarity between the marks may fairly be said to predominate. He stated that the term "Lady," as employed in the mark of appellant, can not be considered distinctive, as applied to dolls, and that the word "Garden" appears to be arbitrary, so that purchasers would primarily rely upon that word in identifying appellant's goods as to their source. With respect to appellee's mark, "Annie At The Garden Gate," the examiner stated that the word "Garden" is a prominent part thereof, and that a further element of similarity between the marks is contained in the word "Annie." Because, in the opinion of the examiner, the marks of the parties as a whole are similar and convey the impression of a garden scene, he held that their concurrent use on the same kind of merchandise is likely to cause confusion in trade and deception of the purchaser. He therefore sustained the notice of opposition and further adjudged that appellant is not entitled to the registration of its mark.

The Commissioner of Patents affirmed the decision of the examiner (79 USPQ 20). From that decision this appeal was taken.

We can not agree with the reasoning of the tribunals below, because, even though the two marks "Garden Lady" and "Annie At The Garden Gate" might convey an impression of a garden scene, they are utterly unlike in sound, meaning and appearance. There is no likelihood, in our opinion, that the concurrent use of the marks of the parties on their respective goods will cause confusion in trade or deceive purchasers.

Therefore, we think that appellant is entitled to the registration of his mark, and, accordingly, the decision of the Commissioner of Patents is reversed.

Reversed.